GEORGE BAUER, JR., v. STATE.

158 So. 168.

Opinion Filed December 18, 1934.

*Philip D. Beall* and *John M. Coe,* for Plaintiff in Error; *Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—Plaintiff in error was convicted of murder in the second degree on trial under an indictment charging murder in the first degree.

It was alleged and proved that the homicide was committed with a shotgun. The evidence showed that the gun was loaded with No. 4 shot. The accused shot four times. The shot which caused death penetrated the kidney of the deceased. The evidence showed that deceased was in a boat in the night time and the boat was moving away from the accused at the time the shots were fired. It is not necessary to discuss at length the evidence.

The plaintiff in error contends that the judgment should be reversed, first, because of the action of the court in denying a motion for change of venue. A motion for change of venue was upon the ground that the accused feared he could not get a fair and impartial trial in the county where the crime was alleged to have been committed because of the adverse feeling existing in the county against him, because the deceased's family and relatives exercised an undue

influence over the minds of the inhabitants of the county and because, as it was alleged, it was impracticable to obtain a qualified jury for the trial of the cause in that county.

Attached to the motion are copies of alleged newspaper articles. The fact that the newspaper articles were published was admitted. The State traversed the allegations of the motion. Several witnesses were introduced in support of the motion. A deputy sheriff and the sheriff testified in behalf of the State. The evidence in this regard was sufficient to show that there was considerable feeling against the accused but we cannot say that the showing was sufficient to convince the court that a fair and impartial jury could not readily be obtained in the county. Nor can we say that the trial court abused its discretion in denying the motion for a change of venue.

We have repeatedly held that an application for a change of venue is addressed to the sound discretion of the court and its ruling refusing the change will not be disturbed unless it appears, from the facts presented that the court acted unfairly and was guilty of palpable abuse of discretion. See Jeffcoat v. State, 103 Fla. 466, 138 Sou. 385, and cases there cited.

Plaintiff in error further contends that the judgment should be reversed because one Robert Nork, who qualified as a juror and became one of the jury trying the case, was in fact disqualified because the said Nork had expressed an opinion prior to his selection as a juror as to the guilt of the accused and in effect had stated that he should be electrocuted. One witness testified that Nork had so expressed himself. Nork testified that he had not so expressed himself. Nork testified that he had not so expressed himself and had entertained no such preconceived opinion.

The trial judge, therefore, had to determine the merits of this contention, by deciding which of the persons testi-

fying was speaking the truth. It is not made clearly to appear that the determination of the trial judge in this regard was erroneous.

It is next contended that the evidence is insufficient to sustain the verdict.

There is substantial evidence to show that the homicide was perpetrated by an act necessarily and essentially imminently dangerous. There was no justifiable cause for the assault. The assault was not committed in the heat of passion. It was not accidental, but was a reckless and wanton act evidencing a depraved mind regardless of human life, but was without premeditated design to effect the death of the person assaulted or any other particular person.

This was sufficient to warrant a conviction of murder in the second degree. See Gavin v. State, 42 Fla. 553, 29 Sou. 405; Berry v. State, 153 Sou. 507.

No reversible error is disclosed by the record. The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J., concurs specially.

BROWN, J., dissents.

DAVIS, C. J. (concurring).—I have grave doubts as to whether the defendant in this case should be denied a new trial under all of the circumstances shown by the record. I think the court should have granted the motion for a change of venue. Whenever the State says that it has enough evidence to prove a man guilty beyond a reasonable doubt it should not be afraid to have that evidence submitted and passed upon by any jury anywhere in the State. The benefit of a fixed venue is primarily for the defendant, not the State. Only questions of convenience and expense can constitute a sound reason for denying a change of venue

insofar as the prosecution is concerned. In cases where a psychological atmosphere of hostility has been created against a defendant which is likely to preclude his getting a fair trial in a particular county, no speculation should be indulged in to the effect that upon the trial it may be possible to protect the defendant from its effect. The venue should be changed when it is applied for in every case where there is a reasonable doubt raised as to whether the defendant can be fairly tried in the county where the indictment was found.

I concur in the result because I cannot say that tested by the strict letter rather than the spirit, of the law as declared in our former decisions, the court below committed error that is reversible on the present record.

BROWN, J., (dissenting).—Not only was there a fairly strong showing made for a change of venue, but the evidence does not, to my mind, sustain the change in respect to one element inherent therein, namely malice or depravity of mind. See Ramsey v. State, 154 Sou. 855. The evidence may have sustained a conviction of manslaughter, but not of murder in either degree.